1

2

3

4

5

6

7

8                            UNITED STATES DISTRICT COURT

9                            EASTERN DISTRICT OF CALIFORNIA

10

11    IRVIN SHAW,                              Case No.: 1:21-cv-01318 SKO (PC)

12              Plaintiff,

13         v.                                  **ORDER TO SHOW CAUSE IN WRITING
                                               WHY THIS ACTION SHOULD NOT BE
14    STUART SHERMAN, Warden,                  DISMISSED FOR A FAILURE TO OBEY
                                               THE COURT ORDERS**
15              Defendant.

16

17         Plaintiff Irvin Shaw is proceeding *pro se* and *in forma pauperis* in this civil rights action

18    brought pursuant to 42 U.S.C. § 1983.

19         **I.      RELEVANT PROCEDURAL BACKGROUND**

20         On November 23, 2022, the Court issued its First Screening Order. (Doc. 10.) Plaintiff

21    was afforded 21 days within which to file a first amended complaint curing the deficiencies

22    identified in the order, or, alternatively, to file a notice of voluntary dismissal. (*Id*. at 11.)

23         On December 9, 2022, Plaintiff filed a Motion for Enlargement of Time to File First

24    Amended Complaint. (Doc. 11.)  On December 12, 2022, the Court granted Plaintiff's motion,

25    extending the deadline for filing the first amended complaint to January 13, 2023. (Doc. 12.)

26         Although the time to file an amended complaint has now passed, Plaintiff has failed to do

27    so.

28    //

## II.   DISCUSSION

The Local Rules corresponding with Federal Rule of Civil Procedure 11 provide that the "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Here, Plaintiff has failed to comply with this Court's orders. On November 23, 2022, Plaintiff was directed to file a first amended complaint within 21 days. (Doc. 10.) At Plaintiff's request, the deadline for filing an amended complaint was extended, and  Plaintiff was to file a first amended complaint no later than January 13, 2023. (Doc. 12.) The extended deadline has now passed, and Plaintiff has failed to file a first amended complaint. As a result, Plaintiff's action is subject to dismissal for failure to obey a court order.

## III.   ORDER

Accordingly, the Court **ORDERS** Plaintiff to show cause in writing, **within 21 days** of the date of service of this order, why this action should not be dismissed for his failure to comply with the Court's order. Alternatively, within that same time, Plaintiff may file a first amended complaint or a notice of voluntary dismissal of this case.

**Failure to comply with this Order will result in a recommendation that this action be dismissed for Plaintiff's failure to obey court orders and failure to prosecute.**

IT IS SO ORDERED.

Dated:  __**January 24, 2023**__                  _____/s/ *Sheila K. Oberto*_____

1

UNITED STATES MAGISTRATE JUDGE

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28